UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY Q. HUYNH,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-2205-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 11, 2013, Huy Q. Huynh ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 7, 2014. On August 22, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Huy Q. Huynh is a 33-year-old male who applied for Social Security Disability and Disability Insurance benefits on March 27, 2009 and Supplemental Security Income benefits on March 19, 2009, alleging disability beginning February 10, 2009. (AR 18.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 10, 2009, the alleged onset date. (AR 20.)

Plaintiff's claims were denied initially on June 10, 2009 and on reconsideration on October 20, 2009. (AR 18.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John Kays on December 1, 2010 in Orange, California. (AR 18.) A decision was issued on December 22, 2010, denying both applications, finding that Claimant has the residual functional capacity ("RFC") to perform other jobs besides his past relevant work. (AR 18.)

Claimant disagreed with the December 22, 2010 decision and on January 26, 2011, Claimant filed a request for review of the hearing decision with the Appeals Council. (AR 18.)

Therefore, this case came before ALJ John Kays on remand from the Appeals Council.[1] (AR 18.) Claimant appeared and testified at a hearing held on June 27, 2012, in Orange, California, (AR 18.) Claimant was represented by counsel. (AR 18.) Vocational expert ("VE") Alan Ey also appeared and testified at the hearing. (AR 18.)

On July 9, 2012, the ALJ issued a second unfavorable decision denying Claimant's claims. (AR 18-29.)

Claimant again requested review of the decision with the Appeals Council which denied the request for review. (AR 1-3.)

///

---

[1] In its remand order, the Appeals Council directed the ALJ to evaluate the new medical evidence from Dr. Seehrai and obtain any additional evidence concerning the Claimant's limitations; evaluate the Claimant's mental impairments; give further consideration to the Claimant's maximum RFC; and to obtain evidence from a vocational expert. (AR 18.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered the medical evidence as contained in the treating physician opinions.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

/ / /
/ / /
/ / /

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.

4

Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 10, 2009, the alleged onset date. (AR 20.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: substance-induced psychotic episode; personality disorder, not otherwise specified; and mixed substance abuse (in remission since 2008). (AR 21.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 21-22.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: Claimant may avoid jobs that require intense, emotionally charged, and interpersonal interactions. (AR 22-27.) In determining this RFC, the ALJ made an adverse credibility determination (AR 22, 27), a finding Plaintiff does not challenge.

/ / /

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a sales associate. (AR 27.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including assembler, inspector and general clerk. (AR 27-28.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (AR 28.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly rejected the opinions of Dr. Seehrai and Dr. Dhillon for specific, legitimate reasons supported by substantial evidence.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting the opinions of treating psychiatrists Dr. Seehrai and Dr. Dhillon. The Court disagrees.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians);

6

and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial

evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

The ALJ found that Plaintiff's medically severe impairments include substance-induced psychotic episode; personality disorder and mixed substance abuse. (AR 22.) Nonetheless, the ALJ assessed Plaintiff with an RFC to perform a full range of work at all exertional levels but "may avoid jobs that require intense, emotionally charged, and interpersonal interactions." (AR 22.) The ALJ discounted the credibility of Plaintiff's subjective symptoms (AR 22, 27), a finding Plaintiff does not challenge here.

The ALJ provided a thorough summary of the medical evidence. (AR 22-27.) The ALJ relied heavily on the Medical Source Statement of Dr. Malancharuvil who, after reviewing the medical records of mental treatment, opined that Claimant becomes completely normal when compliant with medications. (AR 22-23, 487-489.) Impairments that can be controlled effectively with medications are not disabling. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff challenges the ALJ's RFC based on the opinions of Dr. Seehrai and Dr. Dhillon, staff psychiatrists at San Bernardino County Mental Health Department. Dr. Seehrai completed a Mental Work Restriction Questionnaire dated April 28, 2011. (AR 529-535.) Dr. Seehrai assessed Claimant with marked limitations in the ability to carry out short and simple instructions, work with others, complete a normal workday and accept instructions from supervisors. (AR 529-530.)

The ALJ rejected Dr. Seehrai's opinion for several reasons. First, the ALJ found that Dr. Seehrai's opinion was not consistent with his own observations of the Claimant. An ALJ may reject a treating physician's opinion when it is not supported or is contradicted by his own treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004); Thomas, 278 F.3d at 957 (ALJ may reject treating physician's opinion if it is brief, conclusory and inadequately supported by clinical findings); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician's opinion may be

discounted if treatment notes fail to present the sort of description and recommendations one would expect to accompany an opinion of total disability); Bayliss, 427 F.3d at 1216 (ALJ may reject physician's opinion which is contradicted by his treatment notes). Here, the ALJ noted that Dr. Seehrai's mental status examinations remained essentially the same from January 2010 through April 2011: alert and oriented times three, clean, cooperative, no motor agitation, no suicidal ideation and dysphoric mood. (AR 24-25, 26.) In October 2010, Dr. Seehrai noted that Claimant's mood was stable with no mania. (AR 26.) The treating notes indicated Claimant was more symptomatic when he discontinued medications. (AR 26.) The ALJ found that the treating notes are devoid of severe impairments to warrant Dr. Seehrai's restrictions when Claimant was compliant with medications. (AR 26.) Plaintiff does not address the ALJ's finding that Dr. Seehrai's opinion is unsupported by or contradicted by his treatment notes. Nor does Plaintiff identify anything in Dr. Seehrai's treatment notes that would support his opinion that Claimant has marked limitations sufficient to preclude all work when taking his medications. Plaintiff offers no reply in the Joint Stipulation to the Commissioner's discussion of the ALJ's rejection of Dr. Seehrai's opinion.

Second, the ALJ found that according to treatment notes Claimant admitted feeling better with no auditory or visual hallucinations, stable mood, no paranoia and "feels better, okay sleep and no suicidal ideation." (AR 24, 26, 457, 459, 500, 505, 548, 550, 554, 559.) Again, Plaintiff does not respond to this finding. Inconsistencies in a claimant's testimony is a valid basis for discounting credibility. Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997).

Third, the ALJ found that Dr. Seehrai's opinions are not supported by the medical evidence as a whole. (AR 26.) For example, the ALJ cited the 2009 opinion of Dr. Kim, another staff psychiatrist at San Bernardino County Mental Health Department. (AR 24.) Dr. Kim reported Plaintiff was stable with no suicidal ideation. (AR 24.) County treatment notes indicate that when Claimant was compliant with his medications, he reported no paranoia. (AR 24.) In October 2009, he reported he "feels better, okay

sleep, stable mood, no paranoia, no suicidal ideation." (AR 24.)  The ALJ also relied on the opinion of medical expert Dr. Malancharuvil that Plaintiff had only mild limitations. (AR 22-23.)  The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  Plaintiff asserts that as a non-treating, non-examining physician Dr. Malancharuvil's opinion is not substantial evidence.  The Commissioner, however, notes that non-examining physician opinions do constitute substantial evidence so long as other evidence in the record supports those findings.  Andrews, 53 F.3d at 1041.  The ALJ specifically found that Dr. Malancharuvil's opinions were supported by the medical evidence of record.  (AR 23.)  This would include Dr. Kim's notes, County treatment notes and the benign treatment notes of Dr. Seehrai, all of which are consistent with Dr. Malancharuvil's findings.  Plaintiff offers no reply to the ALJ's finding nor to the Commissioner's argument regarding Dr. Malancharuvil's opinion.

Plaintiff also cites the Mental Work Restriction Questionnaire of staff psychiatrist Dr. Dhillon.  (AR 663-669.)  Dr. Dhillon simply checked boxes indicating numerous severe work limitations (AR 664) not found anywhere else in the record, without any narrative discussion or explanation of those limitations.  He even found severe limitations in making simple work-related decisions.  (AR 664.)  The ALJ found that Dr. Dhillon's limitations are not supported by his treating notes and more generally the treating notes from the San Bernardino County Mental Health Department.  (AR 26-27.) Again, Plaintiff does not identify anything in Dr. Dhillon's treatment notes that would support the severe limitations ascribed to Claimant by Dr. Dhillon.

Plaintiff disputes the ALJ's evaluation of the medical evidence but it is the ALJ's responsibility to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039. Where the ALJ's treatment of the medical evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ rejected the opinions of Dr. Seehrai and Dr. Dhillon for specific, legitimate reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 30, 2014

                                            */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE